1  E. JEFFREY GRUBE (SB# 167324)
   ELIZABETH A. BROWN (SB# 235429)
2  AMANDA BOLLIGER CRESPO (SB# 250292)
   C. YEWLEH CHEE (SB# 281710)
3  jeffgrube@gbgllp.com
   lisabrown@gbgllp.com
4  amandacrespo@gbgllp.com
   yewlehchee@gbgllp.com
5  GRUBE BROWN & GEIDT LLP
   601 Montgomery Street, Suite 1150
6  San Francisco, CA  94111
   Telephone:  (415) 603-5000
7  Facsimile:  (415) 840-7210

8  Attorneys for Defendants
   UNITED PARCEL SERVICE, INC.
9  and UPS GROUND FREIGHT, INC.

10

11                UNITED STATES DISTRICT COURT

12              NORTHERN DISTRICT OF CALIFORNIA

13

14 MARIO REYES,                         Case No. _____

15          Plaintiff,                  **DEFENDANTS UNITED PARCEL
                                        SERVICE, INC.'S AND UPS GROUND
16     vs.                              FREIGHT, INC.'S NOTICE OF
                                        REMOVAL OF CIVIL ACTION TO
17 UNITED PARCEL SERVICE, INC.; UPS     FEDERAL COURT**
   GROUND FREIGHT, INC. and does 1 through
18 50, inclusive,

19          Defendants.

20

21

22

23

24

25

26

27

28

---

Case No: _____              DEFENDANTS' NOTICE OF REMOVAL

**NOTICE OF REMOVAL**

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA, PLAINTIFF, AND HIS ATTORNEYS OF

RECORD:

PLEASE TAKE NOTICE THAT Defendants UNITED PARCEL SERVICE, INC.

("UPS") and UPS GROUND FREIGHT, INC. ("UPS Freight") (collectively, "Defendants")

hereby remove this action from the Superior Court of the State of California for the County of

Santa Clara to the United States District Court for the Northern District of California.

Defendants remove this action pursuant to 28 U.S.C. §§ 1332 (as amended by the Class Action

Fairness Act of 2005, Pub. L. 109-2, § 4(a)) and 1441(a) and (b), for the following reasons:

1.     On or about April 11, 2016, Plaintiff Mario Reyes filed a First Amended

Complaint ("Complaint") in the Superior Court of the State of California for the County of Santa

Clara ("Superior Court") entitled "Mario Reyes v. United Parcel Service, Inc., UPS Ground

Freight, Inc. and does 1 through 50, inclusive," designated as Case No. 16CV291798 (the

"Action").[1]  A true and correct copy of Plaintiff's First Amended Complaint in the Action is

attached hereto as Exhibit A.[2]  *See also* Declaration of Elizabeth A. Brown ("Brown Decl.") ¶ 4,

Ex. A.

2.     The Complaint alleges the following purported causes of action: (1) failure to

provide meal periods; (2) failure to provide rest periods; (3) failure to provide accurate itemized

wage statements; (4) failure to pay agreed wages; (5) failure to pay all wages upon termination;

(6) failure to pay wages timely; (7) failure to pay minimum wages; (8) failure to pay overtime

wages; (9) violation of California Business and Professions Code §§ 17200 *et seq.*; and (10)

penalties under the Private Attorneys General Act ("PAGA").

---

[1] Plaintiff filed his original complaint on February 19, 2016, but did not serve that complaint on Defendants.  Brown Decl. ¶ 3, Ex. B.

[2] In accordance with 28 U.S.C. § 1446(a), the Complaint, and all other publicly-available process, pleadings, or orders that were served on Defendants in this action also are attached to this Notice as Exhibit A.

3.      On April 22, 2016, Plaintiff served the Summons and Complaint on UPS and UPS Freight.  *See* Brown Decl. ¶ 5, Exs. C and D, respectively.

4.      Defendants Does 1 through 50 are unnamed and unknown, and therefore have not been served with the Complaint.  *See* Compl. ¶ 12.

5.      Defendants filed an answer or other pleading in response to Plaintiff's Complaint on May 19, 2016.  *See* Brown Decl. ¶ 6, Ex. E.

6.      In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers will be promptly served on Plaintiff's counsel and filed with the Clerk of the Santa Clara County Superior Court.  True and correct copies of the Notice to Adverse Parties of Removal of Civil Action and the Notice to the Superior Court of Removal of Civil Action are attached to the Brown Declaration as Exhibits F and G, respectively.  Therefore, all procedural requirements under 28 U.S.C. § 1446 have been satisfied.

7.      This Notice of Removal is effected properly and timely pursuant to 28 U.S.C. § 1441(b).

8.      Venue is proper in this District pursuant to 28 U.S.C. § 1441(a) because the Superior Court where the removed case was pending is located within this District.

9.      This Action is one over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, and may be removed to this Court pursuant to 28 U.S.C. § 1441(a) on the following grounds.

**REMOVAL BASED ON CLASS ACTION FAIRNESS ACT OF 2005 (28 U.S.C. § 1332(d))**

1.      This Action is properly removed to this Court under the rules for diversity of citizenship jurisdiction under the Class Action Fairness Act of 2005, Pub. L. 109-2, §4(a), 119 Stat. 9.

2.      The Class Action Fairness Act of 2005 amended 28 U.S.C. § 1332 to provide that a putative class action is removable to federal court if: (1) the proposed class members number at least 100; (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs; and (c) any member of a class of plaintiffs is a citizen of a state different from that of any defendant.

3.      Plaintiff's Complaint is pled as a putative class action by which Plaintiff seeks to represent (1) all "non-exempt employees of UPS" for purposes of Plaintiff's wage statement claim; and (2) all "seasonal non-exempt employees" currently or formerly employed by UPS or UPS Freight in California for purposes of all remaining claims.  Compl. ¶¶ 33(a)-(d).  UPS Freight never employed Plaintiff.  Declaration of John Shipley ("Shipley Decl."), ¶ 2.[3]  Neither UPS nor UPS Freight has a position called "seasonal non-exempt employee."  *Id.* ¶ 3.  However, UPS does have a position called "Seasonal Helper."  *Id.* ¶ 3.

4.      At this time, there are approximately 29,485 individuals who were employed in Seasonal Helper positions by UPS in California during the time period of February 19, 2012 to the present.  Shipley Decl. ¶ 4; *see also* Compl. ¶¶ 33(a)-(c) (defining the class period for the "Unpaid Orientation Subclass," "Meal and Rest Period Subclass," and "Unpaid Premium Wage Subclass" as "within the four years prior to the filing of the initial Complaint in this lawsuit" on February 19, 2016).

5.      Moreover, there are approximately 27,547 individuals who were employed in non-exempt positions by UPS in California during at least four pay periods within Plaintiff's period of employment of November 11, 2015 to February 3, 2016.  Shipley Decl. ¶ 8; *see also* Compl. ¶ 33(d) (defining the "Wage Statement Subclass period as "within a one-year period prior to the filing of the initial Complaint in this lawsuit" on February 19, 2016).  Therefore, the requirement that the proposed class consist of at least 100 members is satisfied.

6.      UPS may properly remove this Action on the basis of diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) because:

a.      Plaintiff is now, and was at the time the Action was commenced, a citizen of the State of California within the meaning of 28 U.S.C. § 1332.  *See* Compl. ¶ 4 (alleging that "Plaintiff . . . is, and at all times mentioned in this complaint has been, a resident of Monterey County, the State of California").

---

[3] Because Plaintiff never worked for UPS Freight, Defendants do not rely on any employee data for UPS Freight in this Notice of Removal.

1        b.    At least one currently-employed Seasonal Helper in California lists

2            California as his state of residence.  *See* Shipley Decl. ¶ 4.

3        c.    At least one currently-employed non-exempt employee in California lists

4            California as his state of residence.  *See* Shipley Decl. ¶ 8.

5        d.    UPS is now, and was at the time this Action was commenced, a citizen of

6            a state other than California within the meaning of 28 U.S.C. § 1332(c)(1)

7            because UPS is now, and was at the time this Action was commenced, a

8            corporation organized under the laws of the State of Ohio with its

9            principal place of business in the State of Georgia.  *See* Declaration of

10           Ryan Swift ("Swift Decl.") ¶¶ 2-5.

11        e.    UPS Freight is now, and was at the time this Action was commenced, a

12            citizen of a state other than California within the meaning of 28 U.S.C.

13            § 1332(c)(1) because UPS Freight is now, and was at the time this Action

14            was commenced, a corporation organized under the laws of the State of

15            Virginia with its principal place of business in the State of Virginia.  Swift

16           Decl. ¶¶ 6-9.

17        f.    UPS and UPS Freight are the only defendants named in this Action, and

18            the presence of Doe defendants has no bearing on diversity with respect to

19            removal.  *See* 28 U.S.C. § 1441(a) ("For purposes of removal under this

20            Chapter, the citizenship of defendants sued under a fictitious name shall be

21            disregarded.").

22     7.    Without admitting that Plaintiff and/or the purported class could recover any

23 damages,[4] the amount in controversy placed by Plaintiff in this Action, in which Plaintiff asserts

24

---

25        [4] In filing this Notice of Removal, Defendants do not concede that any of Plaintiff's claims are valid and do not waive any of their defenses.  *See, e.g.*, *Geographic Expeditions, Inc.*

26 *v. Estate of Lhotka* , 599 F.3d 1102, 1108 (9th Cir. 2010) ("[J]ust because  a defendant might have a valid defense that will reduce recovery to below the jurisdictional  amount does not mean  the

27 defendant will ultimately prevail  on that defense. . . .  The district court should not have relied on GeoEx's potential . . . defense to determine the amount in controversy.").  Rather, when

28 assessing the amount in controversy, a court must "assum[e] that the allegations of the complaint are true and assume [that] a jury [will] return[ ] a verdict for the plaintiff on all claims made in the complaint."  *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993,

a maximum four-year liability period for all but one of his claims, exceeds $5,000,000, exclusive of interest and costs, based on the following:

    a.    Under the removal statute, "[i]n any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs."  28 U.S.C. § 1331(d)(6).

    b.    Between February 19, 2012 and May 17, 2016, there were approximately 29,485 individuals employed by UPS in California in the position of Seasonal Helper, which is the position that Plaintiff's Complaint appears to erroneously call "non-exempt seasonal employee."  *See* Shipley Decl. ¶ 4.  UPS does not have a position called "non-exempt seasonal employee."  Shipley Decl. ¶ 3.  Thus, there are currently approximately 29,485 individuals who are alleged to fall within the scope of Plaintiff's purported class definition and are alleged to be the Putative Class Members in this Action for purposes of Plaintiff's overtime, meal period, and rest period claims ("Seasonal Helper Putative Class Members").

    c.    The average current hourly rate of the Seasonal Helper Putative Class Members who have worked in California between February 19, 2012 and May 17, 2016 is $10.39.  *See* Shipley Decl. ¶ 5.

    d.    Between February 19, 2013 and May 17, 2016, 22,670 individuals holding the position of Seasonal Helper in California terminated their employment with UPS.  *See* Shipley Decl. ¶ 6.  Thus, there are currently approximately 22,670 individuals who are alleged to fall within the scope of Plaintiff's purported class definition and are alleged to be the Putative Class

---

1001 (C.D. Cal. 2002) (quoting *Jackson v. Am. Bankers Ins. Co. of Florida*, 976 F. Supp. 1450, 1454 (S.D. Ala. 1997)).  Accordingly, this Notice of Removal analyzes the issues Plaintiff placed into controversy without addressing any available defenses and without any concession of or impact on Defendants' own assessment of the Action.

Members for purposes of Plaintiff's waiting time claim ("Waiting Time Punitive Class Members").

e.   The average hourly rate of the Waiting Time Putative Class Members who have terminated their employment with UPS between February 19, 2013 and May 17, 2016, was $10.60.  *See* Shipley Decl. ¶ 7.

f.   There are approximately 27,547 Putative Class Members who were employed in non-exempt positions by UPS in California during at least four pay periods within Plaintiff's period of employment of November 11, 2015 to February 3, 2016.  Shipley Decl. ¶ 8.  Thus, there are approximately 27,547 individuals who are alleged to fall within the scope of Plaintiff's purported class definition and are alleged to be Putative Class Members for purposes of Plaintiff's wage statement claim ("Wage Statement Putative Class Members").

g.   In the Complaint, Plaintiff alleges that UPS: failed to provide meal periods; failed to provide rest breaks; failed to pay overtime wages; failed to pay minimum wages; failed to pay wages within the required time; failed to pay all wages upon separation; failed to furnish accurate wage statements; violated the California Business and Professions Code; and owes penalties pursuant to the Private Attorneys General Act.  *See* Compl., passim.  Plaintiff, on behalf of himself and those he alleges are similarly situated, seeks to recover unpaid wages, penalties, restitution, and attorneys' fees against UPS for the four-year period preceding the filing of the Complaint, continuing to the present.  *Id.*  Based on these allegations, the amount Plaintiff has placed in controversy exceeds $5,000,000, as summarized and explained below.

| | |
|---|---|
| Overtime | $919,047.95 |
| Meal Period Compensation | $612,698.30 |
| Rest Period Compensation | $612,698.30 |
| Waiting Time Penalties | $43,254,360.00 |
| Wage Statement Penalties | $8,264,100.00 |
| **TOTAL** | **$53,662,904.55** |

    i.    <u>Overtime</u>:  In the Complaint, Plaintiff alleges that Plaintiff and the Seasonal Helper Putative Class Members worked in excess of eight (8) hours per work day or forty (40) hours per work week.  Compl. ¶ 30.  Specifically, Plaintiff alleges that UPS "maintained and enforced a uniform policy of regularly and consistently requiring Plaintiff and the Class Members to work more than eight hours in a single workday and more than 40 hours in a single workweek without paying them premium overtime wages . . . "  *Id.*  Based on Plaintiff's allegation that he and all the alleged class members worked overtime, conservatively assuming that each Seasonal Helper Putative Class Member worked only one hour of overtime during the entire liability period, the amount in controversy as to Plaintiff's overtime claims would be at least **$919,047.95** (1 hour of overtime x $15.58 per hour[5] x 29,485 Seasonal Helper Putative Class Members).

    ii.    <u>Meal Period Compensation</u>:  In the Complaint, Plaintiff alleges that UPS denied him and the Seasonal Helper Putative Class Members meal periods.  Specifically, Plaintiff alleges that UPS "regularly and consistently caused Plaintiff and the Class Members

---

[5] The 2014 and 2015 overtime rate is calculated by multiplying the average wage rate of $10.39 by 1.5.

- 7 -

1  to work shifts of five (5) hours or more within a single workday

2  without providing a thirty (30) minute uninterrupted duty-free meal

3  period within five (5) hours of the beginning of their shift."

4  Compl. ¶ 23.  Under the California Labor Code, "[i]f an employer

5  fails to provide an employee a meal period or rest period …, the

6  employer shall pay the employee one additional hour of pay at the

7  employee's regular rate of compensation for each work day that

8  the meal or rest period is not provided."  Cal. Lab. Code §

9  226.7(b).  Because these payments are deemed to be wages, not

10  penalties, the one-year statute of limitations applicable to penalties

11  does not apply.  *See Murphy v. Kenneth Cole Productions, Inc.,* 40

12  Cal. 4th 1094, 1114 (2007) ("[W]e hold that the Court of Appeal

13  erred in construing section 226.7 as a penalty and applying a one-

14  year statute of limitations.  The statute's plain language, the

15  administrative and legislative history, and the compensatory

16  purpose of the remedy compel the conclusion that the 'additional

17  hour of pay' [citation] is a premium wage intended to compensate

18  employees, not a penalty.").  Thus, Plaintiff and the Seasonal

19  Helper Putative Class Members may potentially collect meal

20  period compensation for the entire four-year liability period

21  specified in the Complaint.  *See Safeway, Inc. v. Superior Court of*

22  *Los Angeles Cty.*, 238 Cal. App. 4th 1138, 1155-56 (2015) ("We

23  therefore conclude that a UCL [Unfair Competition Law] claim

24  may be predicated on a practice of not paying premium wages for

25  missed, shortened, or delayed meal breaks attributable to the

26  employer's instructions or undue pressure, and unaccompanied by

27  a suitable employee waiver or agreement.").

28

1    As discussed above, Plaintiff alleges that UPS "regularly" failed to

2    provide meal breaks.  Assuming that each Seasonal Helper Putative

3    Class Member missed just two meal periods during the entire liability

4    period, the amount in controversy as to Plaintiff's meal break claims

5    would be at least **$612,698.30** (2 meal period premiums x $10.39 per

6    hour x 29,485 Seasonal Helper Putative Class Members).

7    iii.    <u>Rest Period Compensation</u>:  In the Complaint, Plaintiff also claims

8    that UPS denied him and the Seasonal Helper Putative Class

9    Members rest periods.  Compl. ¶ 24 (alleging that UPS

10   "maintained and enforced a uniform policy by which they

11   repeatedly failed to authorize, permit and provide Plaintiff and the

12   Class Members with duty-free third rest periods of at least ten (10)

13   consecutive uninterrupted minutes during which Plaintiff and the

14   Class Members were relieved of all duties for every four (4) hours

15   worked or major fraction thereof").

16   Assuming that each Seasonal Helper Putative Class Member

17   missed just two rest periods during the entire liability period, the

18   amount in controversy as to Plaintiff's rest break claims would be

19   **$612,698.30** (2 rest period premiums x $10.39 per hour x 29,485

20   Seasonal Helper Putative Class Members).

21   iv.    <u>Waiting Time Penalties</u>:  In the Complaint, Plaintiff alleges that

22   "Plaintiff and the Class Members did not receive payment of all

23   wages, including but not limited to, meal and rest period premium

24   wages, minimum wage, overtime premium, and agreed hourly

25   wages within permissible time periods after termination of their

26   employment."  Compl. ¶ 31(d).

27   California law requires employers to pay terminated employees all

28   outstanding wages either immediately (if termination was involuntary)

or within three days of notice or the last day of employment,
whichever is later (if the employee quits).  Cal. Lab. Code §§ 201, 202.
Employers must pay waiting-time penalties of a full day's pay to
employees for every day final pay is late, up to a maximum of 30 days.
*Id.* § 203(a).  Under California Labor Code section 203, the limitations
period for waiting-time penalties is three years.  *See Pineda v. Bank of
America*, *N.A.*, 50 Cal. 4th 1389, 1401 (2010) (holding that California
Code of Civil Procedure section 338(a)'s three-year statute of
limitations applies to claims for willful failure to pay wages upon
termination).

Between February 19, 2013 and May 17, 2016, 22,670 Waiting
Time Putative Class Members terminated their employment with UPS.
The Waiting Time Putative Class Members had an average hourly rate
of $10.60.  Assuming that Plaintiff can establish just one of the alleged
Labor Code violations for the Waiting Time Putative Class Members,
the amount in controversy as to Plaintiff's waiting time penalty claim
would be **$43,254,360** (30 days x 6 work hours per day[6] x $10.60 per
hour x 22,670 Waiting Time Putative Class Members).

    v.    <u>Wage Statement Penalties</u>:  In the Complaint, Plaintiff alleges that
"UPS has regularly and consistently, intentionally and willfully,
failed to provide Plaintiff and the Wage Statement Subclass with
complete and accurate wage statements."  Compl. ¶ 64; *see also id.*
¶ 37(c) (alleging that UPS "fail[ed] to provide accurate itemized
wage statements to Plaintiff and the Class Members containing all
of the information required by Labor Code § 226").

---

[6] Although Plaintiff alleges that he and all Putative Class Members regularly worked in excess of eight (8) hours per work day (*see* Compl. ¶ 30), Defendants have assumed conservatively that each Waiting Time Putative Class Member worked an average of six hours each workday.

1  California law requires employers to provide employees with

2  itemized wage statements that accurately state the gross wages

3  earned, total hours worked, net wages earned, and the name and

4  address of the legal entity that is the employer, among other items.

5  Cal. Lab. Code § 226.  Employees who suffer injury from an

6  employer that knowingly failed to provide the required itemized

7  wage statements may recover wage statement penalties of $50 for

8  an initial violation and $100 for subsequent violations.  *Id.*

9  § 226(e).  Under California Labor Code section 340(a), the

10  limitations period for wage statement penalties is one year.

11  Between Plaintiff's period of employment from November 11,

12  2015 and February 3, 2016, 27,547 Wage Statement Putative Class

13  Members were employed by UPS for at least four pay periods.

14  Assuming that Plaintiff can establish just two non-compliant wage

15  statements for those Wage Statement Putative Class Members

16  during that limited time frame, the amount in controversy as to

17  Plaintiff's wage statement penalty claim would be **8,264,100** ($50

18  initial penalty x $100 subsequent penalty x 27,547 Wage Statement

19  Putative Class Members).

20    8.    This Notice of Removal is timely.  It is filed within thirty (30) days of receipt of

21  the Complaint, making this matter removable pursuant to 28 U.S.C. § 1446(b).

22    9.    Additionally, Defendants will comply with all procedural prerequisites for

23  removal.  Promptly after filing this removal, it will serve written notice to adverse parties and to

24  the Superior Court of California for the County of Santa Clara, as required by 28 U.S.C. §

25  1446(d).  True and correct copies of these Notices are attached hereto as Exhibits F and G to the

26  Brown Declaration.

27    10.    Accordingly, because the proposed class members number at least 100, because

28  there is diversity of citizenship jurisdiction under the Class Action Fairness Act of 2005, and

1   because the amount in controversy is met, Defendants have satisfied the requirements for

2   removal under 28 U.S.C. § 1332(d).

3         WHEREFORE, Defendants hereby remove the above action now pending before the

4   Superior Court for the State of California for the County of Santa Clara to this Court.

5   Dated: May 23, 2016                    GRUBE BROWN & GEIDT LLP

6

7                                          By:_____/s/  Elizabeth A. Brown_____

8                                                ELIZABETH A. BROWN

9                                          Attorneys for Defendants UNITED PARCEL
                                           SERVICE, INC. and UPS GROUND FREIGHT,
10                                         INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit A

**ATTACHMENT CV-5012**

# CIVIL LAWSUIT NOTICE

*Superior Court of California, County of Santa Clara*
*191 N. First St., San Jose, CA 95113*

CASE NUMBER: **1 6 C V 2 9 1 7 9 8**

## PLEASE READ THIS ENTIRE FORM

*PLAINTIFF* (the person suing): Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint, Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

---

*DEFENDANT* (The person sued): **You must do each of the following to protect your rights:**

1. You must file a **written response** to the *Complaint, using the proper legal form or format,* in the Clerk's Office of the Court, within **30 days** of the date you were served with the *Summons* and *Complaint;*
2. You must serve by mail a copy of your written response on the Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3. You must attend the first Case Management Conference.

**Warning: If you, as the Defendant, do not follow these instructions,
you may automatically lose this case.**

---

*RULES AND FORMS:* You must follow the California Rules of Court and the Superior Court of California, County of Santa Clara Local Civil Rules and use proper forms. You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), www.scselfservice.org (Select "Civil") or from:

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: http://www.sccsuperiorcourt.org/civil/rule1toc.htm

*CASE MANAGEMENT CONFERENCE (CMC):* You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

*You or your attorney must appear at the CMC. You may ask to appear by telephone – see Local Civil Rule 8.*

---

Your Case Management Judge is: **Mary E. Arand** _____ Department: **09**

The 1st CMC is scheduled for: (Completed by Clerk of Court)
Date: **JUN 1 4 2016** _____ Time: **1:30pm** in Department: **09**

The next CMC is scheduled for: (Completed by party if the 1st CMC was continued or has passed)
Date: _____ Time: _____ in Department: _____

---

*ALTERNATIVE DISPUTE RESOLUTION (ADR):* If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

*WARNING:* Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

ENDORSED

2016 FEB 19 P 3: 30

Sharon Ulleseit

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
UNITED PARCEL SERVICE, INC.; UPS GROUND FREIGHT,
INC. and does 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MARIO REYES,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

CASE NUMBER *(Número del Caso):*
**16CV291798**

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Santa Clara County Superior Court
191 North First Street
San Jose, CA 950113

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
David S. Spini, Esq.          Fitzpatrick, Spini & Swanston
441 Union Street          (831) 728-5700
Watsonville, CA 95076

**DAVID H. YAMASAKI**
Chief Executive Officer, Clerk

DATE:          **FEB 19 2016**          Clerk, by          **Sharon Ulleseit**          , Deputy
*(Fecha)*                              *(Secretario)*                              *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* United Parcel Service , Inc

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)          ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*

4. ☒ by personal delivery on *(date):* 4/22/16

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

Martin Dean's
**ESSENTIAL FORMS**™

REYM 20991

**SUM-100**

# SUMMONS
## (CITACIÓN JUDICIAL)

<table>
<tr>
<td>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
UNITED PARCEL SERVICE, INC.; <u>UPS GROUND FREIGHT,</u>
INC. and does 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MARIO REYES,

</td>
<td>

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

2016 FEB 19 P 3: 30

Sharon Ulleseit

</td>
</tr>
</table>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have **30 CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp)*, your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site *(www.lawhelpcalifornia.org)*, the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp)*, or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

<table>
<tr>
<td>

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Santa Clara County Superior Court
191 North First Street
San Jose, CA 950113

</td>
<td>

CASE NUMBER *(Número del Caso):*
**16CV291798**

</td>
</tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
David S. Spini, Esq.       Fitzpatrick, Spini & Swanston
441 Union Street           (831) 728-5700
Watsonville, CA 95076

<table>
<tr>
<td>

DATE:       **FEB 19 2016**
*(Fecha)*

</td>
<td>

**DAVID H. YAMASAKI**
Chief Executive Officer, Clerk
Clerk, by
*(Secretario)*

</td>
<td>

**Sharon Ulleseit**
, Deputy
*(Adjunto)*

</td>
</tr>
</table>

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

   UPS Ground Freight, Inc

3. ☒ on behalf of *(specify):*
   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 4/22/16

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

Martin Dean's
ESSENTIAL FORMS

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

1  David S. Spini, Esq. (SBN: 153652)
   Samuel Forbes-Roberts (SBN: 286586)
2  FITZPATRICK, SPINI & SWANSTON
   441 Union Street
3  Watsonville, CA 95076
   Telephone: (831) 728-5700
4  Facsimile:  (831) 728-5710

5

6  Attorneys for Plaintiff,
   MARIO REYES

7

ENDORSED

2016 APR 11  PM 4: 41

David H. Yamasaki, Clerk of the Superior Court
County of Santa Clara, California
By_____
                    Deputy Clerk

8              **SUPERIOR COURT OF CALIFORNIA**

9                 **COUNTY OF SANTA CLARA**

| | |
|---|---|
| 10  MARIO REYES, | Case No. 16CV291798 |
| 11          Plaintiff, | **FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND FOR INJUNCTIVE RELIEF** |
| 12  v. | |
| 13 | 1.  Violation of California Labor Code §§ 226.7 and 512(a) (Meal Periods); |
| 14  UNITED PARCEL SERVICE, INC.; UPS GROUND FREIGHT, INC. and does 1 through 50, inclusive, | 2.  Violation of California Labor Code § 226.7 (Rest Periods); |
| 15 | |
| 16          Defendants. | 3.  Failure to Comply with Itemized Employee Wage Statement Provisions in Violation of California Labor Code §§ 226, 1174 and 1175; |
| 17 | |
| 18 | 4.  Failure to Pay Agreed Wages in Violation of California Labor Code § 201, 202, et seq.; |
| 19 | |
| 20 | 5.  California Labor Code § 203 Penalties |
| 21 | 6.  Failure to Timely Pay all Wages in Violation of Labor Code § 204; |
| 22 | 7.  Failure to Pay Minimum Wages in Violation of Labor Code § 1197; |
| 23 | 8.  Failure to Pay Overtime Wages in Violation of Labor Code § 510; |
| 24 | |
| 25 | 9.  California Business and Professions Code §§ 17200 et seq. |
| 26 | 10. California Labor Code Private Attorneys General Act of 2004 |
| 27 | **DEMAND FOR JURY TRIAL** |
| 28 | |

-1-

*Mario Reyes v. United Parcel Service, Inc.*

1

2    COMES NOW Plaintiff MARIO REYES, who on behalf of himself and all other

3 similarly situated current and former employees of Defendants UNITED PARCEL SERVICES,

4 INC. and UPS GROUND FREIGHT, INC and members of the public, complains and alleges as

5 follows:

6    1.  As used herein, the term "Plaintiff" includes MARIO REYES, who is the named

7 Plaintiff and Class Representative herein.

8    2.  Plaintiff and the Class Members alleged herein (collectively, "Class Members")

9 seek remedies for all compensation and penalties due to the Class Members during the "Class

10 Period," which is defined as the period of time beginning four (4) years before the

11 commencement of this action through the date on which final judgment is entered, based upon

12 information and belief that Defendant is continuing and will continue the unlawful employment

13 practices as described herein.

14    3.  Each of the Class Members are identifiable, similarly-situated persons and are

15 now, or at some point during the Class Period were, employed by Defendant.  Plaintiff reserves

16 his right to seek additional amendments of this Complaint to add as named Plaintiffs some or all

17 of the persons who are members of the Plaintiff Class.

18    4.  Plaintiff MARIO REYES ("REYES") is a competent adult who is, and at all times

19 mentioned in this complaint has been, a resident of Monterey County, the State of California.

20 Plaintiff REYES was employed by Defendant as a seasonal employee from approximately

21 November 8, 2015 until December 26, 2015 pursuant to an unwritten contract, some of the terms

22 of which were the product of an oral agreement, with other terms implied from or incorporated

23 from written materials and policies maintained by Defendant and from the conduct of the parties.

24 The terms of this contract included but were not limited to that Plaintiff REYES would perform

25 services for an hourly wage, which included working in the capacity of a Package Handler and a

26 Driver's Assistant, and at all times as an employee not exempted from the California Labor Code

27 and/or the applicable IWC Wage Order.

28    5.  Throughout his employment with Defendant, Plaintiff REYES was a seasonal

*Mario Reyes v. United Parcel Service, Inc.*

1  non-exempt employee of Defendants in California who was not paid for part or all of the

2  required orientation training he was required to undertake subsequent to being hired by the

3  Defendant and while under the control of the Defendant. Specifically, Plaintiff Reyes was

4  shuttled from his hometown of Salinas, California to the Defendants' work site in Sunnyvale,

5  California, whereupon on his arrival he and similarly situated employees were required to attend

6  a training orientation and were not paid for all the time they were under the control of the

7  Defendant.

8      6.    Throughout his employment with Defendants, Plaintiff REYES was a seasonal

9  non-exempt employee of Defendants in California who did not receive the requisite meal periods

10  and/or rest periods as required by the Labor Code, nor did Plaintiff REYES waive the required

11  meal and/or rest periods.

12      7.    Throughout his employment with Defendant, Plaintiff REYES was a seasonal

13  non-exempt employee of Defendants in California who was not paid for part or all of the

14  overtime and/or double time due him for hours worked on days when he worked more than eight

15  hours in a work day or forty hours in a work week.

16      8.    Throughout his employment with Defendants, Plaintiff REYES was a seasonal

17  non-exempt employee of Defendants in California who was not provided with a detachable paper

18  copy of his wage statement, but rather was given access to an electronic wage statement, and was

19  not provided with the means to print the wage statement out at no expense to himself.

20  Furthermore, the electronic wage statement was non-compliant with the California Labor Code

21  in that, among other things, the rates and amounts were inaccurate, the wage statement did not

22  contain the name and address of the legal entity that is the employer, nor did it contain headings

23  necessary to ascertain whether he was being paid incorrectly.

24      9.    Plaintiff REYES is and at all relevant times was an individual as defined in

25  Business and Professions Code §§ 17201 and 17204.

26      10.   Defendant UNITED PARCEL SERVICE, INC. ("UPS") is, and at all times

27  herein was, a corporation with its primary place of business in the County of Santa Clara, State

28  of California. Said Defendant has expressly consented to jurisdiction in California, and Plaintiff

-3-

1   and the Class Members are informed and believe and thereon allege that said Defendant employs

2   individuals who perform duties throughout the State of California and the County of Santa Clara.

3       11.    Defendant UPS GROUND FREIGHT, INC. ("UPSGF") is, and at all times

4   herein was, a corporation with its primary place of business in the County of Santa Clara, State

5   of California. Said Defendant has expressly consented to jurisdiction in California, and Plaintiff

6   and the Class Members are informed and believe and thereon allege that said Defendant employs

7   individuals who perform duties throughout the State of California and the County of Santa Clara.

8       12.    Plaintiff and the Class Members are ignorant of the true names, identities,

9   capacities and relationships of the Defendants sued herein as DOES 1 through 50, inclusive, and

10  therefore sues these Defendants by such fictitious names.  Plaintiff and the Class Members are

11  informed and believe, and thereon allege, that each of these fictitiously named Defendants are

12  responsible in some manner for the occurrences herein alleged, and that Plaintiff's and the Class

13  Members' damages as herein alleged were proximately caused by DOES 1 through 50.  Plaintiff

14  and the Class Members will amend this Complaint to allege the true names and capacities of said

15  DOE Defendants when such information is ascertained.  Each reference to "Defendants," and

16  each reference to any particular Defendant herein, shall be construed to refer to all of those

17  fictitiously named herein as a "DOE" Defendant, and each of them.

18      13.    Plaintiff and the Class Members are informed and believe, and thereon allege, that

19  each of the Defendants herein was at all times relevant to this action the agent, employee,

20  representative, partner, and/or joint venturer of the remaining Defendants, and each of them, and

21  that each of the Defendants herein was at all times acting within the course and scope of that

22  relationship.  Plaintiff and the Class Members are further informed and believe, and thereon

23  allege, that each of the Defendants herein consented to, ratified, and/or authorized the acts of

24  each of the remaining Defendants herein.  The conduct of each of the Defendants was at all times

25  herein in accordance with and represents the official policy of Defendants.  Additionally, at all

26  times herein mentioned, Defendants, and each of them, aided and abetted the acts and omissions

27  of each and all of the other Defendants, which proximately caused the damages herein alleged.

28  Plaintiff and the Class Members are further informed and believe, and thereon allege, that all of

-4-

1    the Defendants jointly employed the Plaintiff and Class Members herein and/or carried out a

2    joint scheme, business plan and/or uniform policy, and the acts and omissions of each Defendant

3    are legally attributable to the other Defendants such that they are deemed a single integrated

4    enterprise and agents of one another so that all Defendants are each jointly and severally liable

5    for the acts and omissions hereinafter alleged.

6         14.   Defendants UPS, UPSGF and DOES 1 through 50 (collectively referred to herein

7    as "Defendants") are, and at all times herein were, "persons" as defined in California Business

8    and Professions Code § 17201.

9         15.   At all times during the Class Period, Defendants directly or indirectly, or through

10   an agent or representative, exercised control over the wages, hours and/or working conditions of

11   the Plaintiff and the Class Members, and directly or indirectly or through an agent or other

12   person engaged, suffered, or permitted Plaintiff and the Class Members to work.

13                          **JURISDICTION AND VENUE**

14        16.   This Court has jurisdiction over this action pursuant to Article VI, section 10 of

15   the California Constitution.  Plaintiff brings this Complaint for violations of California law

16   occurring in the County of Santa Clara, including without limitation violations of the California

17   Labor Code, Business and Professions Code, Civil Code and common law, and the amount in

18   controversy exceeds the minimum jurisdictional amount of the Superior Court.  Based on

19   information and belief, Defendants are citizens of this State and have sufficient minimum

20   contracts in the State, or have otherwise intentionally availed themselves of the benefits and

21   privileges available within this State, economic or otherwise, so as to render the exercise of

22   jurisdiction over them by the courts of the State of California consistent with traditional notations

23   of fair play and substantial justice.  Accordingly, this Court has jurisdiction over the parties and

24   claims in this matter.

25        17.   Pursuant to Code of Civil Procedure § 395(a), venue is proper in this judicial

26   district because Defendants now and throughout the Class Period did, reside and/or transact

27   business in the County of Santa Clara, employed Plaintiff, employed Class Members and

28   continue to employ Class Members and other similarly situated persons in the County of Santa

-5-

1   Clara. The conduct alleged herein and the damages resulting therefrom occurred in the County

2   Santa Clara, and at all times herein Defendants maintained their principal place of business in the

3   County of Santa Clara, State of California.

4                         **ADMINISTRATIVE PROCEEDINGS**

5       18.     Pursuant to California Labor Code § 2699.3, Plaintiff gave written notice

6   on February 5, 2016, by certified mail to Defendants and to the Labor and Workforce

7   Development Agency of the factual and legal basis for the labor law violations alleged in this

8   Complaint. Prior to filing this Complaint, Plaintiff allowed 33 days to lapse for the Labor and

9   Workforce Development Agency investigate such violations.

10      19.     Pursuant to California Labor Code § 2699.3, Plaintiff seeks all applicable

11   penalties for violations which the Labor and Workforce Development Agency has failed or

12   elected not to investigate and/or failed or elected not to issue a citation. Plaintiff has exhausted

13   all administrative remedies required by the Labor and Workforce Development Agency as a

14   prerequisite to filing this action.

15                         **GENERAL ALLEGATIONS**

16      20.     Defendants now, and at all times during the Class Period did, own, operate and

17   control a packaging delivery company that employs persons within the meaning of IWC Wage

18   Order No. 9-2001 and California Code of Regulations, title 8, section 11090.

19      21.     Defendants now, and at all times during the Class Period did, recruit, solicit, hire,

20   employ and furnish employment, and qualify as an employer pursuant to IWC Wage No. Order

21   9-2001 and title 8 of the California Code of Regulations, section 11090 (hereinafter collectively

22   referred to as "the Wage Order"), which applies to occupations in the transportation industry and

23   controls the wages and several of the working conditions of persons employed by Defendants.

24      22.     At all times herein alleged, Plaintiff REYES and the Class Members were

25   employees of Defendants under the California Labor Code and were protected by the provisions

26   of the Wage Order.

27      23.     Throughout the Class Period, Defendants maintained and enforced a uniform

28   policy by which they regularly and consistently caused Plaintiff and the Class Members to work

*Mario Reyes v. United Parcel Service, Inc.*

1   shifts of five (5) hours or more within a single workday without providing a thirty (30) minute

2   uninterrupted duty-free meal period within five (5) hours of the beginning of their shift.

3   Defendants also failed to pay Plaintiff and the Class Members one (1) hour of pay at Plaintiff's

4   and Class Members' regular rate of compensation for each meal period that was not provided as

5   required by California Labor Code § 226.7 and the Wage Order.

6         24.    Throughout the Class Period, Defendants maintained and enforced a uniform

7   policy by which they repeatedly failed to authorize, permit and provide Plaintiff and the Class

8   Members with duty-free third rest periods of at least ten (10) consecutive uninterrupted minutes

9   during which Plaintiff and the Class Members were relieved of all duties for every four (4) hours

10   worked or major fraction thereof, and failed to compensate Plaintiff and the Class Members one

11   (1) hour of wages at their regular rate of compensation for each rest period not provided, as

12   required by California Labor Code § 226.7 and the Wage Order.

13         25.    Throughout the Class Period, Defendants maintained and enforced a uniform

14   policy by which they regularly and consistently failed to provide Plaintiff and the Class Members

15   with complete and accurate itemized wage statements stating the correct number of hours

16   worked, the correct gross wages earned, the correct net wages earned, the name and address of

17   the legal entity that is the employer, all applicable hourly rates in effect during the pay period

18   and the corresponding number of hours worked at each hourly rate by the employee, deductions,

19   and premiums for missed meal and/or rest periods. In addition, Plaintiff and Class Members were

20   provided with a non-compliant wage statement online, which was accessible with a code and on

21   a computer.

22         26.    Throughout the Class Period, Defendants maintained and enforced a uniform

23   policy by which they regularly and consistently violated California Labor Code §§ 201, 202,

24   204, 216, 218, 221, 223, 1194, 1198 and the Wage Order by unlawfully refusing to pay wages to

25   Plaintiff and the Class Members.

26         27.    Throughout the Class Period, Defendants maintained and enforced a uniform

27   policy by which they regularly and consistently violated California Labor Code §§ 201, 202, and

28   203 by failing to pay Plaintiff and the Class Members all owing and unpaid wages no later than

-7-

1 | 72 hours after they voluntary resigned their employment, or, when their employment was

2 | involuntary terminated, immediately on their last day of employment.

3 |         28.     Throughout the Class Period, Defendants maintained and enforced a uniform

4 | policy by which they regularly and consistently violated California Labor Code §§ 201, 202,

5 | 204, 218, 1198, 1199 and the Wage Order by failing to pay Plaintiff and the Class Members for

6 | all hours worked, overtime and compensation for missed meal and rest periods.

7 |         29.     Throughout the Class Period, at the onset of Plaintiff and the Class Members

8 | employment and subsequent to their hire, the employer failed to pay them for all hours worked at

9 | least at minimum wage by requiring them to undergo training and failing to pay them for the

10 | time when they were under the control of the employer.   Defendants repeatedly failed to pay

11 | Plaintiff and the Class Members the minimum wage for all hours worked, as required by the

12 | applicable wage order, violating the provisions of Labor Code § 1197.

13 |         30.     Throughout the Class Period, Defendants maintained and enforced a uniform

14 | policy of regularly and consistently requiring Plaintiff and the Class Members to work more than

15 | eight hours in a single workday and more than 40 hours in a single workweek without paying

16 | them premium overtime wages or double time compensation or at a reduced premium rate based

17 | on a regular rate of pay that was less than the agreed-upon rate.   Defendant was in violation of

California Labor Code §§ 510 and 1194 and the Wage Order.   Additionally, Defendants failed to

18 | report the correct overtime hours worked by Plaintiff and/or their premium overtime hourly rate

19 | on their wage statements.

20 |         31.     Plaintiff and the Class Members are informed and believe, and thereon allege, that

21 | at all times herein mentioned, Defendants were advised by skilled lawyers and other

22 | professionals, employees and advisors knowledgeable about California labor and wage law,

23 | employment and personnel practices, and about the requirements of California law.   Plaintiff and

24 | the Class Members are informed and believe, and thereon allege, that at all times during the

25 | Class Period, Defendants knew or should have known each of the following:

26 |         a.     That Plaintiff and the Class Members were entitled to receive a first

27 | uninterrupted 30-minute meal period after working five hours and a  second uninterrupted 30-

28 |

-8-

1   minute meal period before working more than 10 (ten) hours, and, if such meal periods were not

2   provided to them, they were entitled to the payment of one (1) additional hour of pay at their

3   regular rate of pay, and that Plaintiff and the Class Members were not being provided such meal

4   periods and were not receiving one (1) additional hour of pay at their regular rate of pay on

5   occasions when such meal periods were not so provided;

6           b.      That Defendants were obligated to authorize, permit and provide to

7   Plaintiff and the Class Members one 10-minute duty-free rest period for every four (4) hours or

8   major fraction thereof worked, and, if such rest period were not so provided, Defendants were

9   required to pay Plaintiff and the Class Members one (1) additional hour of pay at their regular

10  rate of pay, and that Defendants did not authorize, permit and provide such third rest period and,

11  on such occasions, did not provide Plaintiff and the Class Members with one (1) additional hour

12  of pay at their regular rate of pay;

13          c.      That Plaintiff and the Class Members were entitled to receive complete

14  and accurate wage statements in accordance with California law, and that, in violation of the

15  California Labor Code, Plaintiff and the Class Members were not provided complete and

16  accurate wage statements;

17          d.      That Plaintiff and the Class Members were entitled to timely payment of

18  all owing and unpaid wages upon termination of their employment, and that Plaintiff and the

19  Class Members did not receive payment of all wages, including but not limited to, meal and rest

20  period premium wages, minimum wage, overtime premium, and agreed hourly wages within

21  permissible time periods after termination of their employment;

22          e.      That Plaintiff and the Class Members were entitled to timely payment of

23  wages during their employment, and that Plaintiff and the Class Members did not receive

24  payment of all wages, including but not limited to, meal and rest period premium wages,

25  overtime premium and agreed hourly wages within permissible time periods; and

26          f.      That Defendants were obligated to keep accurate information with respect

27  to each employee, including full name, home address, occupation, social security number, birth

28  date and time records showing when the employee begins and ends each work period, meal

-9-

1    periods, total daily hours worked and total wages paid each payroll period, including value of

2    board, lodging, or other compensation actually furnished to the employee.

3            g.      The Defendants were obligated to compensate Plaintiff and the Class

4    Members full compensation for all hours worked by them including, but not limited to, minimum

5    wages for hours worked. Defendants repeatedly failed to pay Plaintiff and the Class Members the

6    minimum wage for all hours worked, as required by the applicable wage order, violating the

7    provisions of Labor Code § 1197.

8            h.      That Plaintiff and the Class Members were entitled to receive premium

9    overtime wages for the overtime hours they worked and that Plaintiff and the Class Members

10    were in fact not receiving the correct premium overtime wages for such overtime hours;

11       32.      California Labor Code § 218 states that nothing in Article I of the Labor Code

12    shall limit the right of any wage claimant to "sue directly . . . for any wages or penalty due to him

13    under this Article."

14                         **CLASS ACTION ALLEGATIONS**

15       33.      Plaintiff MARIO REYES brings this action on behalf of himself, the general

16    public, and all other similarly situated persons as a class action pursuant to Code of Civil

17    Procedure § 382. All claims alleged herein arise under California law for which Plaintiff seeks

18    relief authorized by California law.  Plaintiff MARIO REYES seeks to represent all subclasses

19    (collectively "Class Members") composed of and defined as follows:

20         a.    Unpaid Orientation Subclass--All current and former seasonal non-exempt

21              employees of Defendants in California who were not paid for part or all of the

22              required orientation training they undertook within the four years prior to the

23              filing of the initial Complaint in this lawsuit until the date of entry of final

24              judgment.

25         b.    Meal and Rest Period Subclass--All current and former seasonal non-exempt

26              employees of Defendants in California who did not receive the requisite meal

27              periods and/or rest periods within the three years prior to the filing of the initial

28              Complaint in this lawsuit until the date of entry of final judgment.

1        c.  Unpaid Premium Wage Subclass--All current and former seasonal non-exempt

2             employees of Defendants in California who were not paid for part or all of the

3             overtime and/or double time due them for hours worked within the four years

4             prior to the filing of the initial Complaint in this lawsuit until the date of entry of

5             final judgment.

6        d.  Wage Statement Subclass--All current and former non-exempt employees of UPS

7             in California who received a wage statement that was non-compliant with the

8             California Labor Code within a one-year period prior to the filing of the initial

9             Complaint in this lawsuit until the date of entry of final judgment.

10     34.     Plaintiff reserves the right under Code of Civil Procedure § 382 to amend or

11  modify the class description with greater specificity, further division into subclasses or with

12  limitations to particular issues.

13     35.     This action has been brought and may be properly maintained as a class action

14  under the provisions of Code of Civil Procedure § 382 because the questions of law and fact at

15  issue herein are common and of general interest to Plaintiff and the Class Members, the parties

16  are numerous, and it would be impracticable to bring the claims alleged herein before the court

17  as individual claims or through some other than a class action, or, with regard to claims asserted

18  under the Private Attorney General Act, a representative action.

19  **A.**    **Numerosity**

20     36.     The Class Members are so numerous that joinder of all the members of the class

21  is not feasible and not practical. While the precise number the Class Members has not been

22  determined at this time, Plaintiff is informed and believes that Defendants currently employ, and

23  during the Class Period regularly employed, more than 1,000 employees in California in hourly

24  wage or otherwise non-exempt positions.  The identities of the Class Members are readily

25  ascertainable by inspection of Defendants' employment records.  Moreover, joinder of all

26  members of the proposed class is not practicable, and individual damages for each member is not

27  anticipated to be sufficiently high to allow for practical resolution through individualized

28  litigation.

**B.      Commonality and Predominance**

37.      There are questions of law and fact common to each Class Member that predominate over any questions affecting only individual Class Members.  These common questions of law and fact include, without limitation:

a.      Whether Defendants violated California Labor Code §§ 226.7 and 512 and the Wage Order by failing to provide a first or second duty-free meal period before they worked five hours or more than ten hours in a workday and failing to compensate Plaintiff and the Class Members one hour of wages at their regular rate of pay for each such missed meal period that was not provided;

b.      Whether Defendants violated Labor Code § 226.7 and the Wage Order by failing to provide a third 10 minute duty-free rest period to Plaintiff and the Class Members for every four hour work period or major fraction thereof and failing to compensate Plaintiff and the Class Members one hour of wages for such missed rest periods;

c.      Whether  UPS violated California Labor Code § 226 by failing to provide accurate itemized wage statements to Plaintiff and the Class Members containing all of the information required by Labor Code § 226;

d.      Whether Defendants violated California Labor Code §§ 201, 202, 204, 216, 218, 221, 1194 and 1198 by failing and refusing to pay Plaintiff and the Class Members agreed wages;

e.      Whether Defendants violated Labor Code §§ 201, 202, and 203 by failing to pay Plaintiff and the Class Members for all wages and hours worked upon termination of their employment;

f.      Whether Defendants violated Labor Code §§ 201, 202, and 204 by failing to timely pay Plaintiff and the Class Members for all wages and hours worked during their employment;

g.      Whether Defendants violated Labor Code § 1198 and the Wage Order for failing to keep accurate records with respect to each employee;

h.      Whether the Defendants violated Labor Code § 1197 for the failure to pay

-12-

1  minimum wage for all hours worked;

2        i.      Whether the Defendants violation Labor Code § 510 for the Defendants

3  failure to correctly pay overtime premium wages;

4        j.      The appropriate amount of damages, restitution and/or monetary penalties

5  resulting from Defendants' violations of California law;

6        k.      Whether Plaintiff and the Class members are entitled to equitable relief,

7  including but not limited to, injunctive and declaratory relief, pursuant to Business and

8  Professions Code §§ 17200 et seq.; and

9        l.      Whether Defendants violated Business and Professions Code §§ 17200 et

10  seq., by failing to provide meal and rest periods mandated by Labor Codes § 226.7, 512 and the

11  Wage Order; by failing to compensate Plaintiff and the Class Members one hour of pay for meal

12  periods and rest periods that were not provided; failing to provide complete and accurate wage

13  statements to Plaintiff and the Class Members in accordance with Labor Code § 226; by failing

14  to pay agreed wages; by failing to pay Plaintiff and the Class Members all wages due upon

15  termination; by failing to pay minimum wage to Plaintiff and the Class Members for all hours

16  worked; and by failing to pay overtime premium.

17  **C.    Typicality**

18        38.     The claims of Plaintiff MARIO REYES are typical of the claims of the Class

19  Members.  Plaintiff and the Class Members sustained injuries and damages arising out of and

20  caused by the Defendants' common course of conduct in violation of statutes, common law,

21  wage orders and/or regulations that have the force and effect of law, as alleged herein.  Plaintiff

22  have a well-defined community of interest with the Class Members and are qualified to, and will,

23  fairly and adequately protect the interests of each Class Member.

24  **D.    Adequacy of Representation**

25        39.     Plaintiff MARIO REYES will fairly and adequately represent and protect the

26  interests of the Class Members.  Plaintiff acknowledges Plaintiff's obligation to make known to

27  the Court any relationship, conflict or difference with any Class Member.  Plaintiff has incurred

28  and throughout this action will continue to incur, costs and attorney's fees necessarily expended

-13-

1  for the prosecution of this action for the substantial benefit of each Class Members. Counsel who

2  represents Plaintiff is competent and experienced in litigating class actions, versed in the rules

3  governing class action discovery certification, settlement and trial, and will vigorously and

4  competently pursue the claims of Plaintiff and the Class Members.

5  **E.    Superiority**

6      40.    The nature of this action makes the use of class action adjudication superior to

7  other methods.  The class action will achieve economies of time, effort and expense as compared

8  with separate individual lawsuits on behalf of each Class Member, and will avoid inconsistent

9  outcomes because the same issues will be adjudicated in the same manner and at the same time

10  for the entire class.

11  **F.    Public Policy Consideration**

12      41.    Employers in the State of California violate employment and labor laws on a daily

13  bases.  Employees are often intimidated and afraid to assert their rights out of fear that they will

14  be subjected direct or indirect retaliation by their employers.  Former employees (those who are

15  no longer employed by a particular employer who had subjected them to employment and labor

16  law violations) are fearful of brining actions against their former employers because they believe

17  their former employers might damage their future endeavors through negative references and/or

18  other means.  Class actions provide Class Members who are not named in the complaint with

19  vindication of their rights while also protecting their privacy and shielding them from retaliation.

**FIRST CAUSE OF ACTION**
**Failure to Provide Meal Periods or Compensation in Lieu Thereof**
**(Labor Code §§ 226.7 and 512; IWC Wage Order No. 9-2001; 8 CCR §11090(11))**
**(Plaintiff and the Class Members against Defendants)**

22      42.    Plaintiff and the Class Members allege and incorporate by reference all of the

23  allegations contained in the preceding paragraphs as though fully set forth herein.

24      43.    Throughout the Class Period, Defendants maintained a consistent and uniform

25  policy of failing to pay employees, including the Plaintiff and the Class Members, wages for all

26  hours worked, including, and failing to pay earned wages when due.

27      44.    Pursuant to this policy, During the Class Period, the Wage Order and Labor Code

28

-14-

1 §§ 226.7, 512(a) and 558 were applicable to the employment relationship between Plaintiff and

2 the Class Members, on the one hand, and Defendants, on the other hand.

3      45.    California Labor Code § 226.7 provides that no employer shall require an

4 employee to work during any meal period mandated by an applicable order of the Industrial

5 Welfare Commission.  Labor Code § 226.7 further provides that if an employer fails to provide

6 an employee a meal period or rest period in accordance with an applicable order of the Industrial

7 Welfare Commission, the employer shall pay the employee one additional hour of pay at the

8 employee's regular rate of compensation for each workday that the meal or rest period is not

9 provided.

10      46.    Throughout the Class Period, Defendants and/or their authorized supervisors

11 repeatedly failed to comply with the meal period requirements of the Labor Code and the Wage

12 Order by failing to provide Plaintiff and the Class Members with a second thirty (30) minute

13 uninterrupted duty-free meal period commencing before they worked more than ten (10) hours,

14 in violation of Labor Code §§ 512, 226.7, and the Wage Order.  Defendants also failed to

15 compensate Plaintiff and the Class Members one (1) hour of wages for any of the missed meal

16 periods not provided by Defendants, as alleged above, which failure also violated Labor Code

17 §§512 and 226.7 and the Wage Order.

18      47.    Pursuant to the Wage Order and California Labor Code § 226.7(b), Plaintiff and

19 the Class Members are entitled to recover from Defendants one (1) additional hour of pay at their

20 regular hourly rate of compensation for each meal period violation as alleged herein.

21      48.    Defendants were at all times aware of the Labor Code and Wage Order

22 requirements that they provide Plaintiff and the Class Members with such meal periods and was

23 aware that Plaintiff and the Class Members regularly worked more than ten (10) hours in a shift

24 without receiving mandated second meal period.  Thus, Defendants willfully violated the

25 provisions of Labor Code §§ 226.7 and 512 and the Wage Order.

26      49.    As a result of the unlawful conduct of Defendants, Plaintiff and the Class

27 Members have been deprived of wages and other compensation in amounts to be determined at

28 trial, and are entitled to recovery of such amounts.

1    50.    WHEREFORE, Plaintiff and the Class Members request relief as herein prayed

2    for.

3    ## SECOND CAUSE OF ACTION

4    **Failure to Provide Rest Periods or Compensation in Lieu Thereof**
**(Labor Code § 226.7; IWC Wage Order No. 9-2001; 8 CCR §11090(12))**

5    **(Plaintiff and the Class Members against Defendants)**

6    51.    Plaintiff and the Class Members allege and incorporate by reference all of the

7    allegations contained in the preceding paragraphs as though fully set forth herein.

8    52.    California Labor Code § 226.7 provides that no employer shall require an

9    employee to work during any rest period mandated by an applicable order of the California

10   Industrial Welfare Commission.  Labor Code Section 226.7 further provides that if an employer

11   fails to provide an employee a meal period or rest period in accordance with an applicable order

12   of the Industrial Welfare Commission, the employer shall pay the employee one additional hour

13   of pay at the employee's regular rate of compensation for each workday that the meal or rest

14   period is not provided.

15   53.    The Wage Order and California Labor Code § 226.7 provides that every employer

16   shall provide and shall authorize and permit all employees to take rest periods, which insofar as

17   practicable shall be in the middle of each work period, and that the rest period time shall be

18   based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4)

19   hours or major fraction thereof, unless the total daily work time is less than three and one-half

20   hours.

21   54.    During the Class Period, on days in which Plaintiff and the Class Members

22   worked at least three and one half hours, Defendants regularly and repeatedly required Plaintiff

23   and the Class Members to work four (4) hours and/or a major fraction thereof without providing,

24   authorizing or permitting a third ten (10) minute rest period during which Plaintiff and the Class

25   Members were relieved of all duties (hereafter "rest period") per each four (4) hour period, or a

26   major fraction thereof, worked.

27   55.    During the Class Period, Defendants failed to pay Plaintiff and the Class

28   Members a premium of one hour pay at their regular rate of pay for each third  rest period not

-16-

1   provided, authorized, and permitted as alleged herein, pursuant to Labor Code § 226.7.

2       56.    Labor Code § 1198 provides that "The maximum hours of work and the standard

3   conditions of labor fixed by the commission shall be the maximum hours of work and the

4   standard conditions of labor for employees. The employment of any employee for longer hours

5   than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

6       57.    Defendants were at all times aware of the Labor Code and Wage Order

7   requirements that they provide Plaintiff and the Class Members with the rest periods described

8   above and were aware that Plaintiff and the Class Members regularly worked more than four (4)

9   hours or major fraction thereof without receiving mandated third rest periods.  Defendants

10  therefore at all times willfully violated the provisions of Labor Code § 226.7 and the Wage

11  Order.

12      58.    Pursuant to the Wage Order and California Labor Code § 226.7(b), Plaintiff and

13  the Class Members are entitled to recover from Defendants one (1) additional hour of pay at their

14  regular hourly rate of compensation for each workday that a third rest period was not provided.

15  As a result of the unlawful conduct of Defendants, Plaintiff and the Class Members have been

16  deprived of wages and compensation in amounts to be determined at trial, and are entitled to

17  recovery of such amounts.

18      59.    WHEREFORE, Plaintiff and the Class Members request relief as herein prayed

19  for.

20  **THIRD CAUSE OF ACTION**
    **Failure to Comply with Itemized Employee Wage Statement Requirements**

21  **(California Labor Code §§ 226, 226.3, 1174 and 1175; IWC Wage Order No. 9-2001; 8**

22  **CCR §11090(7))**
    **(Plaintiff and the Wage Statement Subclass against UPS)**

23      60.    Plaintiff and the Wage Statement Subclass allege and incorporate by reference all

24  of the allegations contained in the preceding paragraphs, as though fully set forth herein.

25      61.    Labor Code § 226(a) and the Wage Order require Defendants to itemize in wage

26  statements all deductions from payment of wages, to accurately report total hours worked, to

27  report the rate of pay for hours worked, and keep the records on file at the place of employment

28

*Mario Reyes v. United Parcel Service, Inc.*

1   or at a central location within the State of California.  Defendant UPS has knowingly and

2   intentionally failed to comply with Labor Code § 226(a) and the Wage Order with respect to

3   wage statements they have provided to Plaintiff and the Wage Statement Subclass.

4        62.     Labor Code § 1174 and the Wage Order requires Defendants to maintain and

5   preserve, at the place of employment or at a central location within the State of California,

6   among other items, accurate records showing the names and addresses of all employees

7   employed, payroll records accurately showing the hours worked daily and the wages paid to its

8   employees.  Defendant UPS knowingly and intentionally failed to comply with these

9   requirements in violation of Labor Code §§ 1174 and 1175 and the Wage Order.

10       63.     Labor Code § 226(a) and the Wage Order provide that every employer shall,

11  semimonthly or at the time of each payment of wages, furnish each of its employees an accurate

12  itemized statement in writing showing gross wages earned, total hours worked by the employee,

13  the number of piece rate units and the applicable rate, all deductions, net wages earned, the

14  inclusive dates of the period for which the employee is paid, the name of the employee and the

15  last four digits of the employee's social security number (or an employee identification number),

16  the name and address of the legal entity that is the employer and all applicable hourly rates in

17  effect during the pay period and the corresponding numbers of hours worked at each hourly rate

18  by the employee.  Labor Code § 226(a) mandates that deductions made from payments of wages

19  shall be recorded in ink, properly dated and a copy of the statement or a record of deductions be

20  kept on file by the employer for at least three years.  Moreover, the Wage Order requires

21  Defendants to maintain time records for each employee showing, including but not limited to, an

22  accurate report of the total hours worked by each employee, when the employee begins and ends

23  each work period, meal periods, and total daily hours worked in itemized wage statements, and

24  all deductions from payment of wages.

25       64.     Throughout the Class Period, Defendant UPS has regularly and consistently,

26  intentionally and willfully, failed to provide Plaintiff and the Wage Statement Subclass with

27  complete and accurate wage statements.  The deficiencies include, among other things, the

28  failure to include the total number of hours worked by Plaintiff and the Wage Statement

1  Subclass, the failure to report rest and meal period premiums owed, the failure to report instances

2  triggering the entitlement to reporting time premium wages, the failure to report reimbursement

3  of expenses incurred, and the failure to list all applicable hourly rates.

4       65.    The Wage Order provides that an employer must keep accurate information with

5  regard to each employee, which shall include time records showing when the employee begins

6  and ends each work period, total daily hours worked and total hours worked in the pay period

7  and the applicable rates of pay.

8       66.    Throughout the Class Period, Defendant UPS continually failed to keep accurate

9  records and information with regard to Plaintiff and the Wage Statement Subclass as required by

10  the Wage Order.  Defendant UPS repeatedly provided Plaintiff and the Wage Statement Subclass

11  with wage statements that, among other inaccuracies, failed to include complete and accurate

12  information on the following: (1) gross wages earned; (2) total hours worked by each Plaintiff

13  and the Wage Statement Subclass; (3) all deductions from Plaintiff and the Wage Statement

14  Subclass wages; (4) Plaintiff and the Wage Statement Subclass' net wages earned; (5) the

15  inclusive dates of the period for which Plaintiff and the Wage Statement Subclass were paid; (6)

16  Plaintiff and the Wage Statement Subclass' names and the last four digits of their social security

17  number or an employee identification number other than a social security number; (7) the name

18  and address of the legal entity that is the employer; and (8) all applicable hourly rates in effect

19  during the pay period and the corresponding number of hours worked at each hourly rate by

20  Plaintiff and the Wage Statement Subclass.

21       67.    As a result of Defendant's violation of Labor Code §§ 226(a), 1174 and 1175, as

22  well as the Wage Order, Plaintiff and the Wage Statement Subclass have suffered injury and

23  damage to their statutorily-protected rights.  These injuries and damages include, but are not

24  limited to, the denial of their legal right to receive and their protected interest in receiving

25  accurate, itemized wage statements under Labor Code § 226(a).  Moreover, the inaccurate and

26  incomplete wage statements provided by Defendant UPS deceived Plaintiff and the Wage

27  Statement Subclass about the wages and other compensation to which they were entitled and

28  deprived them of such wages and compensation.  As a further result of Defendant's failure to

-19-

1  provide Plaintiff and the Wage Statement Subclass with accurate wage statements in accordance

2  with Labor Code § 226 and to keep accurate time records as required by the Wage Order and 8

3  CCR section 11010 (7), Plaintiff and the Wage Statement Subclass have suffered injuries and are

4  entitled to penalties under Labor Code § 226 and Labor Code § 226.3 which states that any

5  employer who violates § 226 shall be subject to a civil penalty in the amount of $250.00 per

6  employee per violation in an initial citation. The civil penalty provided for in this section is in

7  addition to any other penalty provided by law, in an amount to be proven at trial. The injuries

8  suffered by Plaintiff and the Wage Statement Subclass include, but are not limited to, having

9  been, and continuing to be, forced to conduct investigations and perform mathematical

10  computations in an attempt to reconstruct their time records; the inability to reconstruct their

11  time records; the inability to discern the amount of wages they were paid and/or the applicable

12  wage rate; the inability to determine the number of hours, including but not limited to, the

13  inability to determine the number of rest periods and meal periods they were forced to forego;

14  the inability to determine whether they were compensated for all meal and rest periods of which

15  they had been deprived; the inability to determine whether they were paid all wages due for work

16  they performed; the inability to determine the amount of wages owing and unpaid; having been,

17  and continuing to be, forced to hire attorneys and initiate a lawsuit in order to ascertain the

18  aforementioned information.

19        68.    Plaintiff and the Wage Statement Subclass are further entitled to recover from

20  Defendant UPS the greater of their actual damages caused by Defendant's failure to comply with

21  Labor Code § 226(a), or an aggregate penalty not exceeding $4,000.00.

22        69.    Plaintiff and Wage Statement Subclass are also entitled to injunctive relief to

23  ensure compliance with this section, pursuant to Labor Code § 226(g).

24        70.    Pursuant to Labor Code § 226(e), each employee suffering injury as a result of a

25  knowing and intentional failure by an employer to comply with Labor Code § 226(a) is entitled

26  to recover the greater of all actual damages or $50.00 for the initial pay period in which a

27  violation occurs and $100.00 per employee for each violation in a subsequent pay period, not

28  exceeding an aggregate penalty of $4,000.00, and is entitled to an award of costs and reasonable

*Mario Reyes v. United Parcel Service, Inc.*

1   attorneys' fees. Moreover, an employee is entitled under the Labor Code § 226(g) to injunctive

2   relief to ensure compliance with Labor Code § 226 and is entitled to an award of costs and

3   reasonable attorneys' fees.

4        71.    Pursuant to California Labor Code § 2699(f) and (g), Plaintiff and the

5   Wage Statement Subclass are entitled to recover civil penalties in the amount of $100.00 for each

6   aggrieved employee per pay period for the initial violation and $200.00 for each aggrieved

7   employee per pay period for each subsequent violation, plus costs and attorneys' fees, for

8   violations of Labor Code § 226.

9        72.    WHEREFORE, Plaintiff and the Wage Statement Subclass request relief as herein

10  prayed for.

11  **FOURTH CAUSE OF ACTION**
**Failure and Refusal to Pay Agreed Wages**

12  **(California Labor Code § 201, 202, 204, 216, 218, 221, 223, 1194, 1198; IWC Wage Order**
**No. 9-2001; 8 CCR §11090(3))**

13  **(Plaintiff and the Class Members against Defendants)**

14       73.    Plaintiff and the Class Members incorporate by reference all of the allegations

15  contained in the preceding paragraphs as though fully set forth herein.

16       74.    Labor Code §§ 201, 202, 203, 204, 216, 218, 221, 223, 1194 and 1198, together

17  with the Wage Order, provide that employees have an immediate and vested right to receive

18  agreed wages for work they were engaged, suffered and permitted to perform.

19       75.    Throughout the Class Period, as a result of uniform policies maintained and

20  enforced by Defendants, the object and/or foreseeable consequence of which were to deny such

21  wages to Plaintiff and the Class Members, Defendants employed Plaintiff and the Class

22  Members at agreed wages and refused to pay such wages to Plaintiff and the Class members for

23  all hours they worked by a multitude of unlawful practices, including but not limited to:

24       a.    Requiring Plaintiff and the Class Members at the onset of their

25  employment and subsequent to their hire, the employer failed to pay Plaintiff and the Class

26  Members for all hours worked at least at minimum wage by requiring them to undergo training

27  and failing to pay them for the time when they were under the control of the employer.;

28

-21-

1             b.      Retaining control over Plaintiff and the Class Members and requiring them

2 to be present on the work-site without pay; and

3        76.      Defendants at all times knew or had reason to know that Plaintiff and the Class

4 Members were performing the aforementioned work without pay and that the practices

5 referenced above deprived Plaintiff and the Class Members of wages for work performed by

6 them.

7        77.      Pursuant to Labor Code § 216, Defendants are guilty of a misdemeanor for

8 willfully refusing "to pay wages due and payable after demand has been made."

9        78.      Defendants continually failed and refused to pay to Plaintiff and the Class

10 Members all wages earned, despite demands being made.

11        79.      Pursuant to Labor Code § 225.5, an employer who unlawfully withholds wages

12 due to an employee in violation of § 216 shall be subject to a civil penalty.  One hundred dollars

13 ($100) is assessed for the initial violation for each failure to pay each employee, and two

14 hundred dollars ($200) for each subsequent violation, in addition to 25 percent of the amount

15 unlawfully withheld.

16        80.      As a direct and proximate result of Defendants' willful refusal to pay all wages

17 due to Plaintiff and the Class Members, Defendants are liable for wages owing and unpaid, with

18 interest thereon, and for penalties under Labor Code § 225.5.

19        81.      WHEREFORE, Plaintiff and the Class Members request relief as herein prayed

20 for.

21                            **FIFTH CAUSE OF ACTION**

22                  **Failure to Pay All Wages Upon Termination**
        **(California Labor Code §§ 201, 202 and 203; IWC Wage Order No. 9-2001; 8 CCR**

23                                 **§11090(3))**
               **(Plaintiff and the Class Members against Defendants)**

24        82.      Plaintiff and the Class Members incorporate by reference all of the allegations

25 contained in the preceding paragraphs as though fully set forth herein.

26        83.      Labor Code § 203 provides that if an employer willfully fails to pay wages owed

27 in accordance with Labor Code §§ 201 and 202, then the wages of the employee shall continue

28

*Mario Reyes v. United Parcel Service, Inc.*

1  as a penalty from the due date, and at the same rate until paid, but the wages shall not continue

2  for more than thirty (30) days.

3      84.     Labor Code § 201 provides if an employer discharges an employee, the wages

4  earned and unpaid at the time of discharge are due and payable immediately.

5      85.     Labor Code § 202 provides that an employee is entitled to receive all unpaid

6  wages no later than 72 hours after an employee quits his or her employment, unless the employee

7  has given 72 hours previous notice of his or her intention to quit, in which case the employee is

8  entitled to his or her wages at the time of quitting.

9      86.     Defendants willfully failed to pay Plaintiff and the Class Members all their wages

10  due, as alleged hereinabove and hereinafter, upon the termination of their employment within the

11  times prescribed by Labor Code §§201 and 202 and are therefore subject to a waiting time

12  penalty.  Plaintiff and the Class Members are entitled to recover from Defendants the statutory

13  penalty for each day they were not paid at their regular hourly rate of pay, up to a thirty (30) day

14  maximum pursuant to California Labor Code § 203.

15      87.     WHEREFORE, Plaintiff and the Class Members request relief as herein prayed

16  for.

17
### SIXTH CAUSE OF ACTION

18
**Failure to Pay Wages Timely**
**(California Labor Code § 204)**

19
**(Plaintiff and the Class Members against Defendants)**

20      88.     Plaintiff and the Class Members incorporate by reference all of the allegations

21  contained in the preceding paragraphs as though fully set forth herein.

22      89.     Labor Code Section 204 provides in relevant part: "All wages, other than those

23  mentioned in Section 201, 201.3, 202, 204.1, or 204.2, earned by any person in any employment

24  are due and payable twice during each calendar month, on days designated in advance by the

25  employer as the regular paydays. Labor performed between the 1st and 15th days, inclusive, of

26  any calendar month shall be paid for between the 16th and the 26th day of the month during

27  which the labor was performed, and labor performed between the 16th and the last day,

28  inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following

-23-

1  month."

2  90.   Throughout the Class Period, Defendants failed to pay compensation to Plaintiff

3  and the Class Members for all hours they worked, including straight time, meal and rest period

4  premiums, reporting time pay, minimum wage, and overtime premium.

5  91.   Defendants' violations of California Labor Code §204 were at all times repeated,

6  willful and intentional.

7  92.   Plaintiff and the Class Members have been damaged by said violations of

8  California Labor Code §§ 201, 202, 204, 1198 and the Wage Order.

9  93.   WHEREFORE, Plaintiff and the Class Members request relief as herein prayed

10  for.

11  ## SEVENTH CAUSE OF ACTION

**Failure to Pay Minimum Wage**
12
**(California Labor Code §§ 1197 and 1199; the Wage Order)**
13  **(Plaintiff and the Class Members against Defendants)**

14  94.   Plaintiff and the Class Members incorporate by reference all of the allegations

15  contained in the preceding paragraphs as though fully set forth herein.

16  95.   Labor Code §1197 provides that it is unlawful to pay less than the minimum wage

17  established by law.  At all relevant times, Defendants repeatedly failed to pay Plaintiff and the

18  Class Members the minimum wage for all hours worked, as required by the applicable wage

19  order, violating the provisions of Labor Code § 1197.

20  96.   Labor Code § 1194 provides that "any employee receiving less than the legal

21  minimum wage or the legal overtime compensation applicable to the employee is entitled to

22  recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime

23  compensation, including interest thereon, reasonable attorneys' fees, and costs of suit."

24  97.   At all times herein alleged, Defendants' conduct as alleged herein amounted to a

25  uniform pattern of unlawful wage and hour practices which resulted from the implementation of

26  uniform policies and practices by which Defendants failed to accurately record all hours worked

27  by Plaintiff thereby denying payment of minimum wages to Plaintiff and the Class Members for

28  hours worked.

*Mario Reyes v. United Parcel Service, Inc.*

98.     In committing the violations of the California Labor Code as alleged herein, Defendants engaged in an illegal attempt to avoid the payment of all earned wages and other benefits in violation of the California Labor Code, the Industrial Welfare Commission requirements and other applicable laws and regulations.

99.     As a direct result of Defendants' unlawful wage practices as alleged herein, Plaintiff and the Class Members have been denied full compensation for all hours worked by them including, but not limited to, minimum wages for hours worked.

100.    Pursuant to Labor Code §1199, an employer who (a) requires or causes any employee to work for longer hours than those fixed, or under conditions of labor prohibited by an order of the commission (b) pays or causes to be paid to any employee a wage less than the minimum fixed by an order of the commission and (c) violates and refuses or neglects to comply with any provision of this chapter or any order or ruling of the commission, is punishable by a fine of not less than one hundred dollars ($100.00).

101.    Plaintiff and the Class Members are entitled to recover wages from Defendants, in an amount to be proven at trial, because of Defendants' payment of wages less than minimum wage.

102.    Plaintiff and the Class Members were required to retain attorneys to bring this action and are entitled to interest an award of reasonable attorneys' fees pursuant to Labor Code § 1194.

103.    Plaintiff and the Class Members are entitled to liquidated damages pursuant to Labor Code § 1194.2.

104.    WHEREFORE, Plaintiff and the Class Members request relief as herein prayed for.

## EIGHTH CAUSE OF ACTION
### Failure to Pay Overtime Wages
### (IWC Wage Order No. 9-2001(3); 8 CCR §11140(3))
### (Plaintiff and the Class Members against Defendants)

105.    Plaintiff and the Class Members incorporate by reference all of the allegations contained in the preceding paragraphs as though fully set forth herein.

*Mario Reyes v. United Parcel Service, Inc.*

1      106.   Plaintiff and the Class Members base this cause of action upon Defendants'

2 willful and intentional violations of the California Labor Code and Industrial Welfare

3 Commission requirements that Defendants pay Plaintiff and the Class Members for all hours

4 worked, including the requirement to pay premium overtime wages to Plaintiff and the Class

5 Members for work they performed in excess of 10 hours in a workday and/or for the first eight

6 hours on the seventh consecutive day in a workweek.

7      107.   Pursuant to Labor Code § 204, as well as other applicable laws and regulations,

8 and public policy, an employer must timely pay its employees for all hours worked.

9      108.   IWC Wage Order No. 9-2001(3) provides that "…employees shall not be

10 employed more than ten (10) hours in any one workday or more than six (6) days in any

11 workweek unless the employee received one and one-half (1 ½) times such employee's regular

12 rate of pay for all hours worked over ten (10) hours in any workday and for the first eight (8)

13 hours on the seventh (7th) day of work and double the employee's regular rate of pay for all

14 hours worked over eight (8) on the seventh (7th) day of work in the workweek."

15      109.   California Labor Code § 1194 provides that "any employee receiving less than the

16 legal minimum wage or the legal overtime compensation applicable to the employee is entitled to

17 recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime

18 compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

19      110.   Throughout the Class Period, Defendants required Plaintiff and the Class

20 Members on a regular and repeated basis to work shifts exceeding 10 hours in a workday and to

21 work hours on the seventh day of work in a workweek without paying overtime premium wages

22 at a rate of no less than one and one-half times their regular rate of pay.

23      111.   Throughout the Class Period, Defendants knew or had reason to know that

24 Plaintiff and the Class Members were regularly and consistently required to work more than 10

25 hours in a day and perform work on the seventh day of work in a workweek without being paid

26 the appropriate premium overtime wage required by the Wage Order.

27      112.   Throughout the Class Period, Defendants' conduct as alleged herein amounted to

28 a uniform pattern of unlawful wage and hour practices which resulted from the implementation

*Mario Reyes v. United Parcel Service, Inc.*

1  of uniform policies and practices by which Defendants failed to accurately record all hours

2  worked by Plaintiff and the Class Members thereby denying payment of overtime premium

3  wages to Plaintiff and the Class Members for overtime hours worked.

4          113.    In committing the violations as alleged herein, Defendants engaged in an illegal

5  attempt to avoid the payment of all earned wages and other benefits in violation of the Industrial

6  Welfare Commission requirements and other applicable laws and regulations.

7          114.    As a direct result of Defendants' unlawful wage practices as alleged herein,

8  Plaintiff and the Class Members have been denied full compensation for all hours worked by

9  them, including but not limited to premium overtime wages for overtime hours.

10         115.    As a direct consequence of Defendants' unlawful failure to pay Plaintiff and the

11  Class Members the full and accurate amount of all earned wages at the appropriate rate for the

12  true number of hours they worked, Plaintiff and the Class Members have suffered and will

13  continue to suffer economic injuries in an amount which is presently unknown to them and

14  which will be ascertained according to proof at trial.

15         116.    In performing the acts and practices in violation of the Wage Order as herein

16  alleged, Defendants have acted and continue to act intentionally, oppressively and maliciously

17  towards Plaintiff and the Class Members, with a conscious disregard for their legal rights and the

18  consequences to them, and with the intent of depriving them of their property and legal rights

19  and otherwise causing them injury, in order to increase Defendants' profits at the expense of

20  Plaintiff and the Class Members.

21         117.    Plaintiff and the Class Members request recovery of all unpaid wages, including

22  overtime premium wages, in an amount according to proof, interest, statutory costs, and the

23  assessment of any and all statutory penalties against Defendants.

24         118.    WHEREFORE, Plaintiff and the Class Members request relief as herein prayed

25  for.

26                              **NINTH CAUSE OF ACTION**
                                  **Unfair Business Practices**
27      **(California Business and Professions Code §§ 17200 et seq. and Common Law)**
                      **(Plaintiff and the Class Members against Defendants)**
28

-27-

1    119.   Plaintiff and the Class Members hereby incorporate each of the preceding
2  paragraphs of this Complaint as if fully alleged herein.

3    120.   Plaintiff and the Class Members suffered direct injury as a result of the
4  Defendants' conduct, as alleged in the preceding paragraphs, and bring this action under Code of
5  Civil Procedure § 382. The deprivation by Defendants of Plaintiff and the Class Members of
6  wages due and lawful meal and rest periods, and Defendants' provision of inaccurate wage
7  statements, are unlawful business practices within the meaning of Business and Professionals
8  Code § 17200, et seq. including, but not limited to, a violation of the Wage Order, regulations,
9  and statutes, and further, whether or not in violation of the aforementioned Wage Order,
10  regulation and statutes, amount to practices which are otherwise unfair.

11    121.   Under Business and Professions Code § 17200, et seq., including, but not limited
12  to §§ 17201, 17203, and 17208, Plaintiff asserts standing on behalf of himself and on the behalf
13  of each of the members of the class alleged herein.  Plaintiff and the Class Members seek, among
14  others, restitution of compensation and reimbursement due during the Class Period.

15    122.   During the Class Period, Defendants have committed violations of law, as
16  described herein, including, but not limited to:

17    a.   Violation of Labor Code §§ 226.7, 512(a) and 1198 for Defendants' failure to
18      provide Plaintiff and the Class Members with a first or second meal period and
19      failure to provide rest periods or compensation in lieu thereof, as herein alleged;

20    b.   Violations of Labor Code § 226(a) for failure to provide accurate wage statements
21      to Plaintiff and the Class Members as herein alleged;

22    c.   Violation of Labor Code §§ 201, 202, 203, 204, 216, 218, 221, 1194 and 1198 for
23      Defendants' failure to provide Plaintiff and the Class Members agreed wages for
24      all hours they worked;

25    d.   Violation of Labor Code §§ 201, 202 and 203 for failure to timely pay all earned
26      wages to Plaintiff and the Class Members upon discharge as herein alleged;

27    e.   Violation of Labor Code §§ 201, 202 and 204 for failure to pay all earned wages
28      owed to Plaintiff and other aggrieved employees during employment as set forth

-28-

more fully below;

    f.   Violation of Labor Code § 1198 and the Wage Order for failure to keep accurate records with respect to each employee;

    g.   Violation of Labor Code § 1197 and the Wage Order for failure to pay Plaintiff and the Class Members minimum wage; and

    h.   Violation of Labor Code § 510 and the Wage Order for failure to pay Plaintiff and the Class Members overtime premium.

    123.   These unlawful and unfair business practices defeat the public interest purposes of the State's labor laws, as set forth in the sections of the California Labor Code, the California Code of Regulation and the Wage Order referenced elsewhere in this complaint, all of which promote compliance with labor laws and employment regulations by participants in Defendants' industry.

    124.   Defendants' unfair and unlawful business practices thus have violated the sections of the Labor Code, California Code of Regulation and IWC Wage Orders referenced in this complaint and have imposed harm on their employees and their competitors and will continue to do so until abated.  As a result of these unfair and unlawful business practices, Defendants have retained monies belonging to Plaintiff and the Class Members and they have been unjustly enriched at Plaintiffs' and the Class Members' expense.  Plaintiff and the Class Members are entitled to restitution of the wages and monies withheld and retained by Defendants during the Class Period and a preliminary and permanent injunction requiring Defendants to pay all wages and sums due to Plaintiff and the Class Members, to provide mandatory rest and meal breaks, and to provide accurate and complete wage statements.

    125.   As a direct and proximate result of Defendants' conduct, Plaintiffs and the Class Members have suffered injury and loss of money.

    126.   This action will result in the enforcement of an important right affecting the public interest.  The conduct of Defendants as alleged herein has been and continues to be unfair, unlawful and harmful to Plaintiff and the Class Members, and the general public.  Accordingly, under Code of Civil Procedure § 1021.5, Plaintiff and the Class Members are entitled to an

*Mario Reyes v. United Parcel Service, Inc.*

1    award of reasonable attorneys' fees according to proof.

2        127.    WHEREFORE, Plaintiff and the Class Members request relief as hereinafter

3    prayed for.

4                            **TENTH CAUSE OF ACTION**

5    **California Labor Code Private Attorneys General Act of 2004; Labor Code § 2698 et seq.**
     **(Plaintiff and the Class Members against Defendants)**

6        128.    Plaintiff and the Class Members hereby incorporate each of the preceding

7    paragraphs of this Complaint as if fully alleged herein.

8        129.    .California Labor Code § 2698, et seq. ("PAGA") permits Plaintiff to recover civil

9    penalties for the violation(s) of the Labor Code Sections enumerated in Labor Code Section

10   2699.5.

11       130.    PAGA provides as follows, "[n]otwithstanding any other provision of law, a

12   plaintiff may as a matter of right amend an existing complaint to add a cause of action arising

13   under this part at any time within 60 days of the time periods specified in this part."

14       131.    Defendants' conduct, as alleged herein, violates numerous sections of the

15   California Labor Code, including, but not limited to, the following:

16           a.   Violation of Labor Code §§ 226.7, 512(a) and 1198 for Defendants' failure to

17   provide Plaintiff and the Class Members with meal and rest periods or compensation in lieu

18   thereof, as herein alleged;

19           b.   Violation of the Wage Order for Defendants' failure to pay overtime wages to

20   Plaintiff and the Class Members as herein alleged;

21           c.   Violations of Labor Code § 226(a) for failure to provide complete and accurate

22   wage statements to Plaintiff and the Class Members as herein alleged;

23           d.   Violation of Labor Code §§ 204, 216, 218, 221, 1194 and 1198 for Defendants'

24   failure to provide Plaintiff and the Class Members agreed wages for all hours they worked;

25           e.   Violation of Labor Code § 204 for failure to pay all earned wages owed to

26   Plaintiffs and the Class Members during their employment;

27           f.   Violation of California Labor Code §§ 1194, 1197, and the Wage Order for

28   Defendants' failure to pay Plaintiff and the Class Members minimum wages;

*Mario Reyes v. United Parcel Service, Inc.*

1    g.   Violation of Labor Code § 2810.5 for failure to provide Plaintiffs and the Class

2   Members with written notice, in the language the employer normally used to communicate,

3   employment-related information to Plaintiffs and the Class Members; and

4    h.   Violation of Labor Code § 1174 and the Wage Order for failure to keep accurate

5   information with respect to each employee, including full name, home address, occupation, birth

6   date and time records showing when the employee begins and ends each work period, meal

7   periods, total daily hours worked and total wages paid each payroll period, including value of

8   board, lodging, or other compensation actually furnished to the employee, an explanation of the

9   piece rate formula, and failure to maintain production records as herein alleged.

10   132.   These violations give rise to statutory penalties as a result of such conduct, but not

11   limited to penalties provided by Labor Code §§ 210, 225.5, 226(e), 226.3, 558, 1194.2, and the

12   Wage Order.

13   133.   Labor Code section 558(a) provides "[a]ny employer or other person acting on

14   behalf of an employer who violates, or causes to be violated, a section of this chapter or any

15   provision regulating hours and days of work in any order of the Industrial Welfare Commission

16   shall be subject to a civil penalty as follows : (1) For any initial violation, fifty dollars ($50.00)

17   for each underpaid employee for each pay period for which the employee was underpaid in

18   addition to an amount sufficient to recover underpaid wages. (2) For each subsequent violation,

19   one hundred dollars ($100.00) for each underpaid employee for each pay period for which the

20   employee was underpaid in addition to an amount sufficient to recover the underpaid wages. (3)

21   Wages recovered pursuant to this section shall be paid to the affected employee." Labor Code

22   section 558(c) provides "[t]he civil penalties provided for in this section are in addition to any

23   other civil or criminal penalty provided by law."

24   134.   Defendants, at all times relevant to this complaint, were an employer or person

25   acting on behalf of an employer(s) who violated Plaintiff's and the Class Members' rights by

26   violating various sections of the California Labor Code as set forth above.

27   135.   As set forth above, Defendants have violated numerous provisions of both the

28   Labor Code sections regarding hours and days of work as well as the Wage Order. Accordingly,

-31-

1  Plaintiff seeks the remedies set forth in Labor Code § 558 for themselves, the State of California

2  and all other aggrieved employees.

3       136.    Pursuant to PAGA, and in particular California Labor Code §§ 558, 2699(a),

4  2699.3, and 2699.5, Plaintiff, acting in the public interest as a private attorney general, seek

5  assessment and collection of unpaid wages and civil penalties for Plaintiff, all other aggrieved

6  employees and the State of California against Defendants, in addition to other remedies, for

7  violations of California Labor Code §§ 204, 221, 226, 226.7, 512(a), 1174, 1194, 1197.1, 1198,

8  2810.5, and the Wage Order.

9       137.    WHEREFORE, Plaintiff and the Class Members request relief as hereinafter

10  prayed for.

11                              **PRAYER FOR RELIEF**

12       WHEREFORE, Plaintiff, on behalf of himself and on behalf of the Class

13  Members pray as follows:

14                              **CLASS CERTIFICATION**

15       1.    That this action be certified as a class action and that the class identified herein be

16  certified;

17       2.    That Plaintiff MARIO REYES be appointed as the representative of all the Class

18  Members;

19       3.    That counsel for Plaintiff be appointed as class counsel.

20                      **AS TO THE FIRST CAUSE OF ACTION**

21       4.    That the Court declare, adjudge and decree that Defendants violated California

22  Labor Code §§ 226.7, 512, 1198 and the Wage Order by willfully failing to provide all meal

23  periods to Plaintiff and the Class Members;

24       5.    That the Court grant an award to Plaintiff and the Class Members of one (1) hour

25  of pay at each employee's regular rate of compensation for each workday that a first or second

26  meal period was not provided;

27       6.    For all actual, consequential and incidental losses and damages, according to

28  proof;

-32-

1    7.    For premiums pursuant to California Labor Code § 226.7(b);

2    8.    For prejudgment interest on any unpaid wages for the date such amounts were

3  due;

4    9.    For all civil penalties and reasonable attorneys' fees and costs of suit incurred

5  herein pursuant to California Labor Code §§ 210, 211, 2699(f) and (g); and

6    10.   For such other further relief as the Court may deem equitable and appropriate.

7                    **AS TO THE SECOND CAUSE OF ACTION**

8    11.   That the Court declare, adjudge and decree that Defendants violated California

9  Labor Code §§ 226.7, 512, 1198 and the Wage Order by willfully failing to provide rest periods

10 to Plaintiff and the Class Members;

11   12.   That the Court grant an award to the Plaintiff and the Class Members of one (1)

12 hour of pay at each employee's regular rate of compensation for each workday that a rest period

13 was not provided;

14   13.   For all actual, consequential and incidental losses and damages, according to

15 proof;

16   14.   For premiums pursuant to California Labor Code § 226.7(b);

17   15.   For prejudgment interest on any unpaid wages for the date such amounts were

18 due;

19   16.   For all civil penalties and reasonable attorneys' fees and costs of suit incurred

20 herein pursuant to California Labor Code §§ 210, 211, 2699(f) and (g); and

21   17.   For such other further relief as the Court may deem equitable and appropriate.

22                    **AS TO THE THIRD CAUSE OF ACTION**

23   18.   That the Court declare, adjudge and decree that Defendant UPS violated the

24 record keeping provisions of California Labor Code § 226 and the Wage Order as to Plaintiff and

25 the Wage Statement Subclass and that Defendant UPS willfully failed to provide accurate

26 itemized wage statements to Plaintiff and the Wage Statement Subclass;

27   19.   For all actual, consequential and incidental losses and damages, according to

28 proof;

*Mario Reyes v. United Parcel Service, Inc.*

1    20.    For statutory penalties pursuant to California Labor Code § 226(e);

2    21.    For injunctive relief to ensure compliance with Labor Code § 226(a), pursuant to

3    California Labor Code § 226(g);

4    22.    For all civil penalties and reasonable attorneys' fees and costs of suit incurred

5    herein pursuant to California Labor Code §§ 226.3, 2699(f) and (g); and

6    23.    For such other further relief as the Court may deem equitable and appropriate.

7    **AS TO THE FOURTH CAUSES OF ACTION**

8    24.    That the Court declare, adjudge and decree that Defendants violated California

9    Labor Code §§ 201, 202, 216, 218, 221, 223, 1194, 1198 and the Wage Order by willfully failing

10   to pay agreed wages due to Plaintiff and the Class Members;

11   25.    That the Court grant an award to Plaintiff and the Class Members for Defendants

12   willfully failing to pay agreed wages due to Plaintiff and the Class Members;

13   26.    For all actual, consequential and incidental losses and damages, according to

14   proof;

15   27.    For prejudgment interest on any unpaid wages for the date such amounts were

16   due;

17   28.    For all civil penalties and reasonable attorneys' fees and costs of suit incurred

18   herein pursuant to California Labor Code §§ 210, 211, 216, 218.5, 218.6, 1194, 2699(f) and (g);

19   and

20   29.    For such other further relief as the Court may deem equitable and appropriate.

21   **AS TO THE FIFTH AND SIXTH CAUSES OF ACTION**

22   30.    That the Court declare, adjudge and decree that Defendants violated California

23   Labor Code §§ 201, 202, 203, and 204(b) by willfully failing to pay all compensation owed at

24   the time of Plaintiff and the Class Members termination of employment and willfully failing to

25   timely pay all compensation owed;

26   31.    For all actual, consequential and incidental losses and damages, according to

27   proof;

28   32.    For statutory wage penalties in favor of Plaintiff and the Class Members that have

-34-

*Mario Reyes v. United Parcel Service, Inc.*

1    left Defendants' employment, pursuant to California Labor Code §§ 203, 204, and 210;

2         33.    For prejudgment interest on any unpaid wages for the date such amounts were

3    due;

4         34.    For all civil penalties and reasonable attorneys' fees and costs of suit incurred

5    herein pursuant to California Labor Code §§ 203, 210, 211, 218.5, 218.6, 1194, 2699(f) and (g);

6    and

7         35.    For such other further relief as the Court may deem equitable and appropriate.

8              **AS TO THE SEVENTH AND EIGHTH CAUSE OF ACTION**

9         36.    That the Court declare, adjudge and decree that Defendants violated Labor Code

10   §§ 510, 1194, 1197 and 1198, and the Wage Order by willfully failing to pay minimum and

11   overtime premium wages to Plaintiff;

12        37.    That the Court grant an award to Plaintiff for Defendants willfully failing to pay

13   minimum and overtime premium wages due to Plaintiff;

14        38.    For all actual, consequential and incidental losses and damages, according to

15   proof;

16        39.    For prejudgment interest on any unpaid wages from the date such amounts were

17   due;

18        40.    For all civil penalties and reasonable attorneys' fees and costs of suit incurred

19   herein pursuant to Labor Code §§ 218.5, 218.6, 558, 1194, 1197, 1197.1, 2699(f) and (g); and

20        41.    For such other further relief as the Court may deem equitable and appropriate.

21              **AS TO THE NINTH CAUSE OF ACTION**

22        42.    That the Court declare, adjudge and decree that Defendants violated Business and

23   Professions Code § 17200 et seq., by failing to provide all meal and rest periods to Plaintiff and

24   the Class Members, failing to pay for all missed meal and rest periods to Plaintiff and the Class

25   Members, failing to provide accurate and complete wage statements, failing to pay agreed wages,

26   failing to timely provide Plaintiff and the Class Members all compensation due to them during

27   their employment and after the termination of their employment and failing to reimburse Plaintiff

28   and the Class Members for all necessary expenditures or losses incurred in direct consequence of

*Mario Reyes v. United Parcel Service, Inc.*

1 | the discharge of his or her duties.

2 |     43.    For restitution of unpaid wages and penalties to Plaintiff and the Class Members,

3 | and for prejudgment interest from the day such amounts were due and payable;

4 |     44.    For the appointment of a Receiver to receive, manage and distribute any and all

5 | funds disgorged from Defendants and determined to have been wrongfully acquired by

6 | Defendants as a result of violation of Business and Professions Code § 17200 et seq.;

7 |     45.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to Code

8 | of Civil Procedure § 1021.5;

9 |     46.    For injunctive relief to ensure compliance with this section, pursuant to Business

10 | and Professions Code § 17200 et seq.; and

11 |     47.    For such other and further relief as the Court may deem equitable and appropriate.

12 | **AS TO THE TENTH CAUSE OF ACTION**

13 |     48.    That the Court declare, adjudge and decree that Defendants violated the California

14 | Labor Code Private Attorneys General Act of 2004; Labor Code § 2698 et seq. by Defendants

15 | violation of California Labor Code §§ 204, 221, 226, 226.7, 512(a), 1174, 1194, 1197.1, 1198,

16 | 2810.5 and the Wage Order, for their failure to provide meal and rest periods or compensation in

17 | lieu thereof, for failure to pay overtime premiums, for failure to pay all hours worked, failure to

18 | pay all wages when due, failure to provide complete and accurate wage statements, and failure to

19 | provide written notice in the language the employer normally uses to communicate employment-

20 | related information;

21 |     49.    That the Court grant an award to Plaintiff and the Class Members, as aggrieved

22 | employees, civil penalties as prescribed by the Labor Code Private Attorney General Act of 2004,

23 | including but not limited to unpaid wages, premium payments, reimbursement and statutory

24 | penalties for themselves and other current and former employees of Defendants against whom

25 | one or more violations of the Labor Code was committed;

26 |     50.    For all actual, consequential and incidental losses and damages, according to

27 | proof;

28 |     51.    For statutory penalties pursuant to California Labor Code § 2699(f);

*Mario Reyes v. United Parcel Service, Inc.*

1        52.     For injunctive relief to ensure compliance with this section, pursuant to California

2   Labor Code § 2699 et seq.;

3        53.     For all civil penalties and reasonable attorneys' fees and costs of suit incurred

4   herein pursuant to California Labor Code § 2699(g); and

5        54.     For such other further relief as the Court may deem equitable and appropriate.

6                          **DEMAND FOR JURY TRIAL**

7        55.     Plaintiff and Class Members hereby demand trial of their claims by jury to the

8   extent authorized by law.

9

10  Date: April 6, 2016                              FITZPATRICK, SPINI & SWANSTON

11

12                                             By: _____

13                                                 David S. Spini, Esq.
                                                   Samuel Forbes-Roberts, Esq.
14                                                 Attorneys for Plaintiff,
                                                   MARIO REYES
15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Mario Reyes v. United Parcel Service, Inc.*